IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOSEPH COVINGTON, on behalf of himself and all others similarly situated, | § § § | |
| Plaintiff, | § § | |
| | § | CIVIL ACTION NO: __5:19-cv-1058__ |
| v. | § § | |
| 1859-HISTORIC HOTELS, LTD. | § § | |
| Defendant. | § | |

## COMPLAINT

Plaintiff Joseph Covington, individually and on behalf of all others similarly situated, for his Complaint against 1859-Historic Hotels, Ltd. states and alleges as follows:

## SUMMARY

1.     1859-Historic Hotels, Ltd. (hereinafter "Defendant") required and/or permitted Joseph Covington (hereinafter "Plaintiff") and other similarly situated employees to work in excess of forty hours per week at its facilities but refused to compensate them properly for such hours.

2.     Defendant's conduct is in violation of the Fair Labor Standards Act (FLSA), which requires non-exempt employees to be compensated for their overtime work.  See, 29 U.S.C. § 207(a).

3.     Plaintiff Joseph Covington and other similarly situated employees are FLSA non-exempt workers who have been denied overtime pay required by law for which they now seek recovery.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5.      Venue is proper in the Western District of Texas because Defendant engages in business here and the Plaintiff resides here.

## THE PARTIES

6.      Plaintiff Joseph Covington is a resident of San Antonio, Texas.  Mr. Covington's written consent to this action is attached as Exhibit "A."

7.      The Class Members are Defendant's hourly paid security officers employed at any time during the three year period immediately preceding the filing of this suit.

8.      Defendant is a Texas corporation headquartered in Galveston, Galveston, County, Texas.  Service of process may be had on Defendant through its registered agent:  C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## COVERAGE

9.      Defendant is an enterprise that engages in commerce or in the production of goods for commerce.

10.      Defendant acted, either directly or indirectly, in the interest of an employer with respect to Plaintiff and Class Members.

11.      Accordingly, Defendant is both a covered "enterprise" and an "employer" under the FLSA.

12.      Defendant has had, and continues to have, an annual gross income of sales made or business done of not less than $500,000.

## FACTUAL ALLEGATIONS

13.    Defendant provides hospitality and culinary services, through the operation of eleven (11) hotels in Texas, Colorado, and Kentucky.

14.    Plaintiff and the Class Members are or were employed by Defendant as hourly paid, FLSA non-exempt security officers.

15.    Defendant deducts 30 minutes from the daily hours of work for Plaintiff and the Class Members.

16.    Plaintiff and the Class members are not fully relieved of duties during their meal breaks, and are required to work.

17.    For those weeks in which Plaintiff and Class Members work more than 40 hours, the improper deduction of the 30-minute meal break results in their being denied proper overtime compensation under the FLSA.

## CLASS ALLEGATIONS

18.    Plaintiff has actual knowledge that other Class Members have been denied overtime pay for hours worked over forty hours in a week.

19.    Although Defendant has suffered, permitted, and/ or required Plaintiff and Class Members to work in excess of forty hours per week, Defendant has denied them full compensation for their hours worked over forty.

20.    Plaintiff and Class Members perform or have performed the same or similar work.

21.    Class Members are similar to Plaintiff in terms of pay structures and the denial of overtime pay.

22.     Defendant's failure to pay overtime compensation for all hours worked results from a single decision, policy or plan and does not depend on the personal circumstances of the Class Members.

23.     Plaintiff's experience is typical of the experiences of the Class Members.

24.     The specific job titles or precise job responsibilities of each Class Member do not prevent collective treatment.

25.     All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

26.     Although the issue of damages may be individual in character, there remains a common nucleus of liability facts.

27.     The class of similarly situated plaintiffs is properly defined as follows:

**Defendant's hourly paid security officers employed at any time during the three year period immediately preceding the filing of this suit.**

## CAUSES OF ACTION

28.     Plaintiff incorporates all allegations contained in the preceding paragraphs.

29.     At all relevant times Plaintiff and Class Members have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, et seq.

30.     Defendant's failure to pay all overtime compensation due to Plaintiff and Class Members violates the FLSA.

31.     Accordingly, Plaintiff and Class Members are entitled to compensation for overtime hours worked.

32.     Additionally, Plaintiff and Class Members are entitled to an amount equal to their unpaid overtime wages as liquidated damages, as well as reasonable attorney's fees and costs of this action as provided by 29 U.S.C. 216(b).

33.     Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and Class Members are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages described pursuant to 29 U.S.C. § 216(b).

34.     Alternatively, should the Court find Defendant acted in good faith and that it had reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, Plaintiff and Class Members are entitled to an award of prejudgment interest at the applicable legal rate.

35.     Plaintiff and the Class Members are entitled to have the limitations period extended to three years because Defendant's actions were willful.  29 U.S.C. § 216(b).

## PRAYER

WHEREFORE, Plaintiff respectfully requests judgment be entered in his favor awarding him and Class Members:

a.     overtime compensation for all unpaid hours worked in excess of forty hours at the rate of one and one half times the regular rate of pay;

b.     an equal amount as liquidated damages as allowed under the FLSA;

c.     damages accrued for a three year period;

d.     reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA;

e.     pre-judgment and post judgment interest at the highest rates allowed by law; and

f.     such other relief as to which Plaintiff and Class Members may be entitled.

Respectfully submitted,

**YOUNG & NEWSOM, P.C.**

BY:   /s/ Jeremi K. Young
Jeremi K. Young
State Bar No. 24013793
1001 South Harrison, Suite 200
Amarillo, Texas  79101
Telephone: (806) 331-1800
Facsimile: (806) 398-9095
jyoung@youngfirm.com